IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER FLINT | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-3836 |
| | : | |
| ARMANINO LLP, et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                    **October 6, 2025**

Plaintiff Alexander Flint, proceeding pro se, brings this action against Defendants Armanino LLP and Armanino Advisory LLP, asserting claims for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law and negligence.  Flint's claims arise out of Defendants' provision of "Tax Services" to Mazowian Holdings LLC and the owners of the business, a group that includes Flint.  On August 22, 2025, Flint filed a motion for entry of Defendants' defaults pursuant to Federal Rule of Civil Procedure 55(a).  The motion noted Defendants were served with a summons and Complaint on July 31, 2025, but failed to file a responsive pleading within 21 days after service, as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i).  The same day, Defendants filed on the docket in this case a copy of a letter to Flint, taking the position that no response to the Complaint is due until Flint files a certificate of merit, as required under Pennsylvania Rule of Civil Procedure 1042.3.  Flint now moves to strike the letter on the ground that the certificate of merit requirement does not apply in this case.  Because the Court agrees with Defendants that a certificate of merit is required, the motion to strike will be denied.

Under Pennsylvania Rule 1042.3, a plaintiff bringing an action "based upon an allegation that a licensed professional deviated from an acceptable professional standard" must file a certificate of merit attesting to one of the following:

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3(a). The certificate of merit must be filed either "with the complaint or within sixty days after [its] filing," *id.*, though a court must extend the time for filing "upon good cause shown," Pa. R. Civ. P. 1042.3(d). The requirement applies to professional liability claims against a licensed professional as well as to claims against an entity "responsible for a licensed professional who deviated from an acceptable professional standard." Pa. R. Civ. P. 1042.1(a)(1)-(2). A licensed accountant falls within the definition of a "licensed professional" for purposes of the Rule. Pa. R. Civ. P. 1042.1(c)(1)(ii), (c)(3). The certificate of merit requirement is substantive state law which must be applied by federal courts sitting in diversity, as is the case here. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262-65 (3d Cir. 2011); *see also* Compl. ¶ 5, Dkt. No. 1 (alleging subject matter jurisdiction exits under 28 U.S.C. § 1332(a)).

While a certificate of merit is required for claims alleging professional negligence, the requirement does not apply to claims of ordinary negligence. The Pennsylvania Supreme Court addressed this distinction in *Merlini ex rel. Merlini v. Gallitzin Water Authority*, a case cited by Flint, explaining that "[a] complaint sounding in professional versus ordinary negligence deals primarily with the breach of a professional standard of care." 980 A.2d 502, 507 (Pa. 2009). *Merlini* involved a suit against an engineering firm for negligent trespass based on the firm's installation of a water line on the plaintiff's property without a right-of-way, easement, or

2

permission.  *Id.*  In holding the complaint sounded in ordinary negligence, the Supreme Court noted the plaintiff did not allege the firm's conduct "fell below a professional engineering standard, or any standard affiliated with consulting engineers."  *Id.*  The plaintiff instead alleged "breach of a duty owed by any third party entering upon the property of another."  *Id.*

In contrast, Flint's negligence claim implicates professional accounting standards.  The negligence claim is based on allegations that Defendants—at least one of which is a "licensed independent CPA firm[]," Compl. ¶ 15—breached a duty of care owed to Flint, his wife, his sister-in-law, his mother-in-law, and an entity owned by all of them (Mazowian) with respect to the provision of "Tax Services."  *Id.* ¶ 208.  The Tax Services at issue include, inter alia, "timely filing of complete and accurate informational tax returns (i.e., Form 1065) for Mazowian so that Plaintiff Flint [and Mazowian's other owners] could attach the corresponding Schedule K-1 to their respective personal tax returns."  *Id.* ¶ 33.  The Complaint alleges Defendants breached a duty of care by, among other things, "outsourcing the Tax Services to individuals who are unqualified to perform the Tax Services" and failing to have Barry Sunshine, a licensed CPA and "the only person at Armanino familiar with Mazowian's business," review Mazowian's Form 1065 and amended Form 1065 before those "inaccurate, incomplete, and improper" documents were filed with the IRS.  *See id.* ¶¶ 54-59, 209.  Unlike in *Merlini*, the Complaint here alleges the defendant accounting firms breached duties they owed as accounting professionals.  These allegations are sufficient to bring the claim within the certificate of merit rule.

In addition to disputing whether a certificate of merit is required, the parties dispute whether Flint will be required to present expert testimony to prove his claims.  This dispute is premature, and the Court lacks authority to resolve it at this juncture.  As the Third Circuit recognized in *Liggon-Redding*, Rule 1042.3(a)(3) "expressly allows a plaintiff to proceed on the

basis of a certification that expert testimony will not be required to prove her claim," though "the consequence of such a filing is a prohibition against offering expert testimony later in the litigation, absent 'exceptional circumstances.'" 659 F.3d at 265 (quoting Pa. R. Civ. P. 1042.3, Note). Whether expert testimony will in fact be required in a particular case is an issue "to be dealt with at a later stage of the litigation, such as summary judgment or trial." *Id.*

Because the Court agrees with Defendants that a certificate of merit is required in this case, Flint's motion to strike will be denied. An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.